FILED IN
COURT OF CRIMINAL APPEALS

February 13, 2015

ABEL ACOSTA, CLERK

PD-1087-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/13/2015 2:36:05 PM
Accepted 2/13/2015 2:40:07 PM
ABEL ACOSTA
CLERK

**CAUSE NO. PD-1087-14**

**IN THE**
**COURT OF CRIMINAL APPEALS OF TEXAS**

———————————————

**IKE ANTYON BRODNEX**
   **Appellant/Petitioner**

**V.**

**STATE OF TEXAS**
   **Appellee/Respondent**

———————————————

From the Eleventh Court of Appeals, Eastland, Texas
Appellate Cause No. 11-12-00076-CR

Tried in the 385TH District Court, Midland County, Texas
Trial Cause No. CR38804

———————————————

**STATE'S BRIEF ON THE MERITS**

———————————————

Teresa Clingman
*District Attorney, Midland County, Texas*

Carolyn D. Thurmond
*Assistant District Attorney*
State Bar No. 00785104
500 North Loraine, Suite 200
Midland, Texas 79701
(432) 688-4420 voice
(432) 688-4938 fax
carolyn_thurmond@co.midland.tx.us

# **TABLE OF CONTENTS**

## Table of Contents

TABLE OF CONTENTS .................................................................ii

INDEX OF AUTHORITIES.........................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................1

STATEMENT OF THE CASE ........................................................1

STATEMENT OF PROCEDURAL HISTORY ......................................3

STATEMENT OF FACTS .............................................................4

ARGUMENT AND AUTHORITIES ................................................7

*State's Reply to Ground One*...................................................7

*Summary of Argument* ..........................................................7

Argument ...........................................................................8

    A. Standard of Review for Motion to Suppress................................8

    B. Consensual encounter between Appellant and Officer Chesworth ...................................................................................9

    C. The Detention and Frisk of the Appellant ...............................12

    D. The Appellant Gave Consent to Search His Person ...................17

CONCLUSION ........................................................................18

PRAYER FOR RELIEF .........................................................18

CERTIFICATE OF SERVICE..............................................20

CERTIFICATE OF COMPLIANCE......................................21

iii

# INDEX OF AUTHORITIES

## Cases

*Amador v. State,* 275 S.W.3d 872 (Tex. Crim. App. 2009) ....................12

*Arguellez v. State,* 409 S.W.3d 657 (Tex. Crim. App. 2013) ....................8

*Brodnex v. State,* 11-12-00076-CR, 2014 Tex. App. LEXIS 7780, 2014 WL 3639133 (Tex. App.—Eastland 2014, pet. granted) ............. passim

*Carmouche v. State,* 10 S.W.3d 323 (Tex. Crim. App. 2000) .................17

*Crain v. State,* 315 S.W.3d 43 (Tex. Crim. App. 2010) .......................8, 14

*Derichsweiler v. State,* 348 S.W.3d 906 (Tex. Crim. App. 2011), *cert. denied,* 132 S. Ct. 150, 181 L. Ed.2d 67, 2011 U.S. LEXIS 6188 (2011) ......................................................................................................13

*Florida Royer,* 460 U.S.491, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983) ..11

*Florida v. Bostick,* 501 U.S. 429, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991)...................................................................................................10

*Foster v. State,* 326 S.W.3d 609 (Tex. Crim. App. 2010)........................13

*Griffin v. State,* 215 S.W.3d 403 (Tex. Crim. App. 2006) .......................17

*Hamal v. State,* 390 S.W.3d 302 (Tex. Crim. App. 2012) .......................14

*Hiibel v. Sixth Judicial Dist. Court of Nev. Humboldt Cnty.,* 542 U.S. 177, 124 S. Ct. 2382, 115 L. Ed. 2d 389 (1991) ...................................10

*Immigration and Naturalization Service v. Delgado,* 466 U.S.210, 104 S. Ct. 1758, 80 L. Ed. 2d 247 (1984) .......................................................10

*Lippert v. State,* 664 S.W.2d 712, 721 (Tex. Crim. App. 1984)................16

*Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973) ...............................................................................17

*State v. Castleberry*, 332 S.W.3d 460 (Tex. Crim. App. 2011) ............9, 10

*State v. Garcia-Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008) ......9

*State v. Mendoza,* 365 S.W.3d 666 (Tex. Crim. App. 2012) ....................13

*State v. Woodward,* 341 S.W.3d 404 (Tex. Crim. App. 2011) .........8, 9, 12

*Strickland State,* 923 S.W.2d 617 (Tex. App.--Houston [1st Dist.] 1995, no pet.);......................................................................................16

*Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968) ...................................................................................................16

*Turrubiate v. State*, 399 S.W.3d 147 (Tex. Crim. App. 2012)...................9

*United States v. Santos,* 403 F.3d 1120 (10th Cir. 2005).........................15

*United States v. Simpson,* 609 F.3d 1140 (10th Cir. 2010).......................14

*United States v. Sokolow,* 490 U.S. 1, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)...................................................................................................13

*Valtierra v. State*, 310 S.W.3d 442 (Tex. Crim. App. 2010)......................9

*Wade v. State,* 422 S.W.3d 661 (Tex. Crim. App. 2013)................9, 13, 16

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

COMES NOW the Appellee and Respondent, the State of Texas, and files this State's Brief on the Merits in response to the Brief of the Appellant, and in support thereof would show the Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

The State submits that oral argument is not necessary because this Court may make its determination based on the briefs of the parties and the Court of Appeals opinion. Therefore, the State does not request oral argument in this cause.

## STATEMENT OF THE CASE

Ike Antyon Brodnex, hereafter referred to as "Appellant," was indicted in the 385th District Court of Midland County, Texas, on August 4, 2011, for the offenses of Tampering with Physical Evidence in Count One and  Possession of a Controlled Substance, to-wit: Cocaine, in an amount of less than one gram in Count Two. Appellant was

1

subject to enhanced punishment because of two prior sequential felony convictions. (CR[1] 9-12).

Appellant filed a Motion to Suppress Evidence. (CR 118-120). A pre-trial hearing was held with the presentation of evidence and argument of counsel. (RR[2]6, 4-29). The trial court denied the motion by written order. (CR 128). After the close of the hearing, Appellant waived his right to trial by jury. (CR 130; RR6, 29).

The case proceeded to a bench trial on January 27, 2012. (RR7, 1). Appellant was once again admonished regarding his right to trial by jury. Appellant waived his right to trial by jury. (RR7, 9-15). Appellant entered a plea of "not guilty" to Count One, Tampering with Evidence, and "guilty" to Count Two, Possession of a Controlled Substance, to-wit cocaine, in an amount of less than one gram. (RR7, 15-16). After the presentation of evidence and argument of counsel, the trial court found the Appellant not guilty of Count One, but guilty of Count Two as charged in the indictment. (RR7, 60-61).

---

[1] References to the Clerk's Record are abbreviated as "CR", followed by the page number.
[2] References to the Reporter's Record are abbreviated as "RR" followed by the volume number and page number.

2

Appellant pled true to all three enhancement paragraphs in the indictment. (RR7, 65-68). After presentation of the evidence and argument of counsel, the judge sentenced Appellant to 20 years imprisonment in the Texas Department of Criminal Justice Institutional Division and no fine. (CR 131; RR7, 94). The sentence was pronounced on January 27, 2012. (CR 131, RR7, 94). The judgment of conviction was entered on February 1, 2012. (CR 131). Appellant timely gave notice of appeal. (CR 139).

## STATEMENT OF PROCEDURAL HISTORY

One issue was presented on direct appeal. On July 170, 2014, the Eleventh Court of Appeals affirmed Appellant's conviction for possession of a controlled substance, to-wit: cocaine in Count Two. *Brodnex v. State*, 11-12-00076-CR, 2014 Tex. App. LEXIS 7780, 2014 WL 3639133 (Tex. App.—Eastland 2014, pet. granted) (mem. op., not designated for publication). A motion for rehearing was not filed in the case. Appellant's Petition for Discretionary Review was refused on November 5, 2014. However, the Court on its own motion granted a Petition for Discretionary Review on November 5, 2014. Appellant

3

timely filed the Brief of the Appellant on January 20, 2015. The State's response, State's Brief on the Merits, is due on February 19, 2015. Thus, this brief is timely filed.

## STATEMENT OF FACTS

Officer Zachary Chesworth of the Midland Police Department was on patrol duty around 2:00 a.m. on the early morning of June 7, 2011. (RR6, 5; RR7, 20). As he neared the Delux Inn, he observed two subjects leaving the hotel on foot. (RR6, 5; RR7, 21). He contacted the two individuals on a nearby street. (RR6, 5; RR7, 21).

Officer Chesworth approached the male subject and asked his name. Appellant identified himself, Ike Brodnex. (RR6, 5-6; RR7, 21). Officer Chesworth testified, "Based on my training and experience as a police officer at the City of Midland, I know that Mr. Brodnex is a known criminal in the City of Midland." (RR6, 5-6; RR7, 22). Brodnex is known for "[d]rug possession and things of that nature." (RR6, 11). Officer Chesworth acknowledged he did not have a criminal history report for Brodnex at the time he contacted him. (RR6, 12).

Officer Chesworth placed Brodnex's hands behind his back and put them in handcuffs for officer safety. (RR6, 5-6; RR7, 22). Additional reasons for Officer Chesworth's concerns about safety were the area where he found the couple is known for narcotic activity, the time of night at 2:00 a.m., and he wasn't sure of the location of his nearest backup officer. (RR6, 6; RR7, 22).

Officer Chesworth at this point and took him in front of his police car and in-car camera. (RR6, 7; RR7, 22). The defendant was not under arrest. (RR6, 6; RR7, 22). Officer Chesworth started the pat-down search for weapons. (RR6, 6; RR7, 23). In the course of the search Officer Chesworth asked Brodnex if he had anything illegal on his person. (RR6, 7; RR7, 22). Brodnex replied, "No." Then Officer Chesworth asked "do you mind if I check?" Brodnex responded "No." (RR6, 22; RR7, 23).

Officer Chesworth checked the waistband of Brodnex's pants. He noticed an orange plastic cigar tube protruding out of the "butt crack" of Brodnex's buttocks. (RR6, 7; RR7, 23). Officer Chesworth stated this is a common method for concealing narcotics from officers on the streets. (RR6, 7). He pulled out the tube, opened it and observed small rocks of a

5

white powdery a substance that appeared to be crack cocaine. (RR6, 7; RR7, 23). Officer Chesworth asked if this was crack cocaine and Brodnex confirmed it was cocaine. (RR6, 8; RR7, 23). Officer Chesworth acknowledged he did not provide any Miranda warnings to Brodnex prior to asking him the question about the crack cocaine. (RR6, 8; RR7, 23-24).

Officer Chesworth put the lid back on the cigar tube and placed it on the front bumper of his police cruiser. (RR6, 8; RR7, 23-24). He turned his attention to the female with the defendant. Officer Chesworth saw movement by the defendant as he emptied the contents from the tube onto the street. A struggle ensued until the defendant was finally placed into the police car. (RR6, 8-9; RR7, 26). Officer Chesworth testified on redirect that Brodnex attempted to conceal and destroy the evidence. (RR7, 43).

State's Exhibit 1-the DVD of the in-car camera recording of the incident was admitted and played for the judge. (RR6, 21-22, 28; RR7, 27).

Bob Wheeler, the chemist for the Department of Public Safety, testified he tested the contents of the cigar tube. The substance contained cocaine and weighed 0.54 grams. (RR7, 41).

## ARGUMENT AND AUTHORITIES

*State's Reply to Ground One*

**A police officer may stop and briefly detain persons reasonably suspected of criminal activity. An officer's knowledge of the suspect as a "known criminal" and other factors including walking in an area known for narcotics activity at 2:00 a.m. created reasonable suspicion for a limited pat-down search for officer safety. The Court of Appeals correctly affirmed the ruling of the trial court to deny the motion to suppress.**

*Summary of Argument*

The Court of Appeals in Eastland determined the initial encounter between Appellant and the City of Midland police officer Zachary Chesworth was consensual and he cooperated by identifying himself to the officer. Officer Chesworth suspected criminal activity due to the location of Appellant on the street in an area known for criminal activities, particularly illegal drug activity, and the time of night at 2:00 a.m. Officer Chesworth determined Appellant was a known criminal in Midland. Considering the totality circumstances, the officer had

7

reasonable suspicion of criminal activity and detained Appellant. For the purpose of safety, Officer Chesworth placed Appellant in handcuffs and initiated a pat-down search for weapons for officer safety. Officer Chesworth requested and received Appellant's consent for the search of his person.

## Argument

### A. Standard of Review for Motion to Suppress

An appellate court reviews a denial of a motion to suppress under the abuse of discretion standard with almost complete deference to the trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Arguellez v. State,* 409 S.W.3d 657, 662 (Tex. Crim. App. 2013); *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). When application-of-law-to-fact questions do not turn on credibility and demeanor, the appellate court reviews the trial court's rulings on those questions *de novo. State v. Woodward*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011).Generally, appellate courts view the evidence in the light most favorable to the trial judge's ruling, and afford the prevailing party "the strongest legitimate view of the evidence and all reasonable

inferences that may be drawn from that evidence." *Woodward,* 341 S.W.3d at 410; *citing State v. Garcia-Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The appellate court reviews *de novo* a trial judge's application of the law of search and seizure to the facts. *Wade v. State,* 422 S.W.3d 661, 667 (Tex. Crim. App. 2013); *citing Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). The appellate court must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *Wade,* 422 S.W.3d at 667; *Valtierra,* 310 S.W.3d at 447-48. When the trial court does not issue findings of fact, as in this case, the appellate court is to imply findings that support the trial court's ruling if the evidence, viewed in the light most favorable to the ruling, supports those findings. *Turrubiate v. State,* 399 S.W.3d 147, 150 (Tex. Crim. App. 2012).

**B. Consensual encounter between Appellant and Officer Chesworth**

There are three types of encounters between the police and citizens: "(1) consensual encounters, which require no objective justification; (2) investigatory detentions, which require reasonable suspicion; and (3) arrests, which require probable cause." *State v. Castleberry,* 332 S.W.3d 460, 466 (Tex. Crim. App. 2011) (citations

omitted). An officer may contact anyone and question him as well as request identification and information from the citizen. *Id.; Hiibel v. Sixth Judicial Dist. Court of Nev. Humboldt Cnty.,* 542 U.S. 177, 185, 124 S. Ct. 2382, 115 L. Ed. 2d 389 (1991); *Florida v. Bostick*, 501 U.S. 429, 434, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991). A citizen is free to terminate the encounter. *Castleberry*, 332 S.W.3d at 466. The consensual encounter does not implicate the Fourth Amendment and its protections. *Id.* The fact the citizen complied with the request for identification does not negate the consensual nature of the encounter. *Id., citing, Immigration and Naturalization Service v. Delgado*, 466 U.S.210, 216, 104 S. Ct. 1758, 80 L. Ed. 2d 247 (1984).

Appellant contended at the Court of Appeals and before this Court that Officer Chesworth was required to have reasonable suspicion that criminal activity was afoot in order to initiate contact with Appellant and the woman with him. ("At no point does the officer testify the reason for making contact with these two individuals." Brief of the Appellant pages 6-8). The Court of Appeals correctly held Officer Chesworth initiated contact with Appellant on a street in a public place and this did not implicate Fourth Amendment protections. *Brodnex*,

2014 Tex. App. LEXIS 7780 at *6. The Court of Appeals cited *Florida v.*

*Royer*:

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions.
> *Florida Royer*, 460 U.S.491, 497,  103 S. Ct. 1319, 75 L. Ed. 2d 229

(1983).

The facts in this case show Officer Chesworth observed two individuals at 2:00 a.m. in the morning leaving the Delux Inn, which is in an area known for narcotics activity. (RR6, 5-6; RR7, 21-22). He contacted the couple and asked Appellant his name. Appellant identified himself to the officer. (RR6, 5-6; RR7, 21).  At this point in the encounter between Officer Chesworth and Appellant there any is not suggestion that the encounter was not consensual, such as an officer drawing his weapon. Appellant elected not to testify at the pretrial suppression hearing. At trial Appellant testified he cooperated with Officer Chesworth and identified himself. (RR7, 46).

11

## C. The Detention and Frisk of the Appellant

In this case, the detention and subsequent search of Appellant occurred without a warrant. (RR6, 4). Thus, the burden of proof is on the State to prove reasonableness of the seizure. *Amador v. State,* 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

The Court of Appeals determined "Officer Chesworth's encounter with Appellant quickly escalated to an investigative detention when he handcuffed Appellant after Appellant identified himself." *Brodnex*, 2014 Tex. App. LEXIS 7780 at *6-7. There is not a bright –line rule that governs when a consensual encounter becomes a seizure. *Woodward*, 341 S.W.3d at 411 (citations omitted). The encounter is no longer consensual when the officer through force or showing of authority restrains a citizen's liberty. *Id.* At this point the encounter becomes a detention or arrest, both of which are seizures under the Fourth Amendment. *Id.* When there is a detention, the reviewing court must decide if the detaining officer had reasonable suspicion. *Id.* "A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been,

or soon will be engaged in criminal activity." *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011), *cert. denied,* 132 S. Ct. 150, 181 L. Ed.2d 67, 2011 U.S. LEXIS 6188 (2011) (citations omitted). This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. "[T]he relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular non-criminal acts." *Wade*, 422 S.W.3d at 668; *Derichsweiler,* 348 S.W.3d at 914. The standard requires only "some minimal level of objective justification" for the stop. *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010) (quoting *United States v. Sokolow,* 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989). Whether the facts known to the officer amount to reasonable suspicion is a mixed question of law and fact subject to de novo review. *State v. Mendoza*, 365 S.W.3d 666, 669-70 (Tex. Crim. App. 2012).

The Court of Appeals in its opinion discusses the three factors present: the area's narcotic activity, time of day and the officer's familiarity that Appellant is a "known criminal." *Brodnex,* 2014 Tex. App. LEXIS 7780 at *8-9. The Court of Criminal Appeals has held that individually, these factors do not establish reasonable suspicion to for an investigative detention. *Id.; citing Hamal v. State*, 390 S.W.3d 302, 308 (Tex. Crim. App. 2012) (prior criminal record); *Crain,* 315 S.W.3d at 53 (time of day and level of criminal activity in the area). However, these three factors may be considered in determining the existence of reasonable suspicion. *Hamal,* 390 S.W.3d at 308; *Crain,* 315 S.W.3d at 53; *Brodnex* at *8-9.

This Court stated in Hamal, "a prior criminal record does not itself establish reasonable suspicion but it is a factor that may be considered." *Hamal*, 390 S.W.3d at 308 (citations omitted). Deception regarding one's own criminal record is another factor that can contribute to reasonable suspicion. *Id.* "[I]n conjunction with other factors, criminal history contributes powerfully to the reasonable suspicion calculus." *United States v. Simpson*, 609 F.3d 1140, 1147 (10th Cir. 2010) (quoting *United States v. Santos*, 403 F.3d 1120, 1132 (10th

14

Cir. 2005). Although a person with a criminal record should not be detained based on his criminal record itself, such a record is a factor that may justify further detention and that may cast a suspicious light on other seemingly innocent behavior. *See Id.*

Officer Chesworth testified that when he learned Appellant's identity, he recognized him as "a known criminal in the city of Midland." (RR6, 5-6). Officer Chesworth was concerned about his personal safety and at that point placed Appellant in handcuffs. (RR6, 6). Specifically, Appellant was known to police officers for, "Drug possession and things of that nature." (RR6, 11). Officer Chesworth admitted he did not have personal knowledge Appellant's criminal history prior to coming into contact with him. (RR6 12). However, Appellant being a known criminal to Officer Chesworth was a factor of concern for his personal safety. Specifically, Appellant showed a lack of regard for the law and threat to his safety to keep himself out of trouble. (RR6 19-20).

Thus, in addition to the other factors, and presence of another person with Appellant, Officer Chesworth placed him handcuffs and requested to perform a pat-down for weapons. (RR6, 6-7). "A pat down

search during a detention is permissible when the police officer reasonably suspects he is dealing with an armed and dangerous individual. *Strickland State,* 923 S.W.2d 617 (Tex. App.--Houston [1st Dist.] 1995*, no pet.); citing Terry v. Ohio,* 392 U.S. 1, 27, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). The officer may frisk the individual to determine if the person is, in fact, carrying a weapon and, if so, to neutralize the threat of physical harm. *Terry*, 392 U.S. at 24; *Wade*, 422 S.W.3d at 669.

The officer does not have to be absolutely certain that the individual is armed, nor does he have to have probable cause to arrest. *Id.* Rather, the issue is whether a reasonably prudent person in the same circumstances would be warranted in the belief that his or her safety or that of others is in danger. *Id.* The record must contain 'specific and articulable facts' that, when taken together with rational inferences from those facts, would warrant a self-protective search for weapons." *Id.* The information known by the officer at the time of the officer's actions is to be considered, including any prior criminal record of the appellant. *See Lippert v. State*, 664 S.W.2d 712, 721 (Tex. Crim. App. 1984). Furthermore, it has been held that it is objectively

16

reasonable for a police officer to believe an individual involved in the drug business is armed and dangerous. *Griffin v. State*, 215 S.W.3d 403, 409 (Tex. Crim. App. 2006); *citing Carmouche v. State*, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000).

**D. The Appellant Gave Consent to Search His Person**

The Court of Appeals also held Officer Chesworth sought and obtained Appellant's consent at the outset of the pat-down search. *Brodnex* at *10-11. "Consent to search is one of the specific and 'well-established exceptions to the constitutional requirements of both a warrant and probable cause.'" *Id.*, citing *Carmouche*, 10 S.W.3d at 331; *see Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). This Court should defer to the trial court's implied finding Appellant consented to search since the determination relies heavily on the credibility of Officer Chesworth and the review of video which supports the implied finding of Appellant's consent to search. *Brodnex* at *11. It should also be noted that Appellant does not present a claim that his consent was coerced. *Brodnex* at *11.

17

## CONCLUSION

The initial encounter between Appellant and Officer Chesworth was consensual. In viewing the totality of the circumstances, the trial court found Officer Chesworth had a reasonable suspicion to conduct a pat-down search for weapons for the reason of officer safety due to the officer's knowledge Appellant was a "known criminal" found in an area known for narcotic activity at 2:00 a.m.. This meets the minimal level of objective justification for a stop. The Court of Appeals decision to affirm the trial court's denial of Appellant's motion to suppress should be affirmed by this Court.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the State prays the Court of Criminal Appeals affirm the judgment of the Court of Appeals.

Respectfully submitted,

Teresa Clingman
District Attorney of Midland County, Texas

By:

*/S/ Carolyn D. Thurmond*

Carolyn D. Thurmond
Assistant District Attorney
State Bar No. 00785104
500 North Loraine, Suite 200
Midland, Texas 79701
(432) 688-4938 fax
(432) 688-4420 voice
carolyn_thurmond@co.midland.tx.us

## CERTIFICATE OF SERVICE

I, Carolyn D. Thurmond, do hereby certify that on the 13th day of February 2015, I sent a true and correct copy of the foregoing State's Brief on the Merits by United States Mail, hand delivery or EServe or email to the following entities:

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Capitol Station
Austin, TX 78711
Information@spa.texas.gov

Raymond K. Fivecoat
214 West Texas, Suite 811
Midland TX, 79701
Via email
Attorney for Appellant

/S/ Carolyn D. Thurmond

_____
Carolyn D. Thurmond
Assistant District Attorney

20

## CERTIFICATE OF COMPLIANCE

I certify the State's Brief on the Merits was prepared with Microsoft Word 2010 and that according to that program's word-count function, the sections covered by TEX. R. APP. P. 9.4(i)(1)  contain 2,884 words. I further certify the body text is Century Schoolbook 14 point font and the footnote text is 12 point font.

By:

*/S/ Carolyn D. Thurmond*

_____
Carolyn D. Thurmond
Assistant District Attorney